**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Delfin Garces,<br>Petitioner,<br>v.<br>Eric Rokosky,<br>Respondent. | No. CV-26-03632-PHX-DWL<br>**ORDER** |

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. 13). The R&R, which was issued on August 6, 2026, recommends that the Petition "be granted to the extent that Petitioner be provided a bond redetermination hearing" and further provides that "[t]he parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (Doc. 13 at 8-9.)

Here, no objections have been filed by Respondents and the 14-day deadline has expired. Thus, Respondents have forfeited any objection to the R&R. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."). *See also United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Meanwhile, Petitioner has filed a "Motion Regarding Report and Recommendation" in which he expresses gratitude for the R&R's recommendation that he receive a bond hearing but expresses concern about his ability to pay any resulting bond. (Doc. 14.) To the extent this motion was intended to function as an objection to the R&R, it is rejected following the Court's *de novo* review of the R&R. *United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Accordingly,

**IT IS ORDERED** that:

1. The R&R's recommended disposition (Doc. 13) is **accepted**.

2. Petitioner's motion (Doc. 14) is **denied**.

3. The Petition (Doc. 1) **granted** to the extent that Petitioner shall be provided with a bond redetermination hearing.

4. Respondents shall provide Petitioner with a bond redetermination hearing within twenty-one (21) days of the entry of judgment; absent a timely bond redetermination hearing, Respondents shall release Petitioner from ICE custody under the same conditions that existed before Petitioner's present immigration detention.

5. Respondents shall file a notice of compliance within three (3) days of providing Petitioner a bond redetermination hearing or releasing Petitioner.

6. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 25th day of August, 2026.

Dominic W. Lanza
United States District Judge